JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL ROMERO,<br><br>      Plaintiff,<br><br>v.<br><br>WAYFAIR LLC et al.,<br><br>      Defendants. | Case No. 5:25-cv-00894-SB-SHK<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 10] |

      Plaintiff Saul Romero, a California citizen, claims that his employer, Wayfair LLC, discriminated against and wrongfully terminated him. He filed a complaint in state court against Wayfair asserting state-law claims against it. There is diversity of citizenship between these parties, and the amount in controversy exceeds $75,000. But Plaintiff also sued Victor Ramos, Joe Mattis, and Luis Cardenas—California citizens and his superiors at Wayfair—asserting, among other things, that they harassed him in violation of California law. Despite the lack of complete diversity, Wayfair removed this case to federal court, invoking diversity jurisdiction and contending that the individual defendants were fraudulently joined. Plaintiff now moves to remand the case back to state court for lack of subject-matter jurisdiction.[1]

      Wayfair acknowledges that diversity jurisdiction is lacking if the citizenship of any individual defendant is considered, and it does not dispute that California law recognizes a harassment claim against individual employees. *See* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."). But it contends that "Plaintiff's complaint fails to allege facts sufficient to sustain a claim of harassment against the individual defendants."

---

[1] The Court finds this matter suitable for decision without oral argument and vacates the June 6, 2025 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

1

Dkt. No. 12, at 5–10.  The Court agrees that the allegations, as currently pleaded, are insufficient to state a claim.  But this alone is insufficient to overcome the general presumption against removal jurisdiction and the specific presumption against finding fraudulent joinder.  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2019).  Rather, given these presumptions, a district court must remand the case if there is "a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant(s).  *Id.* at 548 (cleaned up).  This "'possibility' standard"—which requires the removing party to show that the allegations against the nondiverse defendant are "wholly insubstantial and frivolous"—is not equivalent to the motion-to-dismiss standard under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 549–50 (cleaned up).  It is not enough that the complaint fails to state a claim; the court must also consider whether the alleged pleading defects "can possibly be cured" by amendment.  *Id.* at 550.  Any doubts about the propriety of removal must be resolved in favor of remand.  *Id.*

Wayfair contends that Plaintiff cannot cure the pleading deficiencies by amendment for two reasons.  First, it relies on Plaintiff's failure to plead adequate facts to support a harassment claim in his state administrative and court complaints.  Second, it faults Plaintiff for not providing details about possible amendments in his motion to remand.  Neither argument satisfies Wayfair's "heavy burden" to show that "[P]laintiff could not possibly prevail" on the harassment claim if given a chance to cure the alleged factual deficiencies.  *Id.* at 548 (cleaned up).  Instead, it improperly seeks to shift the burden to Plaintiff.  *See Terrell v. Morgan Truck Body, LLC*, No. 5:24-CV-00824-SB, 2024 WL 2846721, at *2 (C.D. Cal. June 5, 2024) (noting removing party bears the burden to show a complaint could not be cured); *Ancona v. Lowe's Home Centers, LLC*, No. 20-CV-1462, 2020 WL 8679709, at *4–5 (S.D. Cal. Sept. 23, 2020) (same).

Accordingly, Plaintiff's motion is granted, and this case is remanded to the Riverside County Superior Court.  Because Wayfair had an objectively reasonable basis for removal, the Court denies Plaintiff's request to impose fees and costs.

Date: June 3, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge